Sherry L. Swieca (SBN 198700)
Jaclyn P. Floryan (SBN 266461)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Tel:  (213) 689-0404
Fax:  (213) 689-0430
swiecas@jacksonlewis.com
Jaclyn.floryan@jacksonlewis.com

Attorneys for Defendant
GERARD DANIEL WORLDWIDE, INC.
(also erroneously sued as GERARD DANIEL & CO., INC.)

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SALAZAR, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>GERARD DANIEL & CO., INC., a Delaware corporation; GERARD DANIEL WORLDWIDE, INC. and DOES 1 through 20, Inclusive,<br><br>          Defendants. | Case No.:  16-cv-641<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) DIVERSITY**<br><br>(Filed concurrently with Notice of Interested Parties, Declaration of  Gary Shultis and Civil Case Cover Sheet)<br><br>Complaint filed:  March 11, 2016 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

1.     PLEASE TAKE NOTICE that Defendant Gerard Daniel Worldwide, Inc. (also erroneously sued as GERARD DANIEL & CO., INC.) ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b) and removes the above-entitled action to this Court from the Superior Court of the State of California for the County of San Bernardino.

USDC CASE NO 16-cv-641

1   NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

2.     On March 11, 2016, Plaintiff Joshua Salazar ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California for the County of San Bernardino entitled <u>Joshua Salazar v. Gerard Daniel & Co., Inc., et al.,</u> Case No. CIVDS1603639, which sets forth the following four causes of action: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Fraud – Intentional Misrepresentation; and (4) Fraud – Negligent Misrepresentation ("Complaint").

3.     Defendant was served with a copy of Plaintiff's Summons and Complaint on March 11, 2016.  A copy of the Summons, Complaint and other related court documents received by Defendant is attached as Exhibit "A."

4.     On April 7, 2016, Defendant filed and served its Answer in the San Bernardino County Superior Court.  A true and correct copy of Defendant's Answer is attached as Exhibit "B."

5.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the San Bernardino Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

6.     Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides and where the causes of action arose.

## DIVERSITY JURISDICTION

7.     Defendant properly may remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) or 28 U.S.C. § 1332(d)(2), because:

a.     Defendant is informed and believes that Plaintiff was, at the time of filing of the Complaint, and still is, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a). (Complaint ¶ 1.)

USDC CASE NO 16-cv-641     2     NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

b.    Defendant was, at the time of filing of the Complaint, and still is, a citizen of the State of Delaware within the meaning of section 1332(c)(1), because it now is and was at all times incorporated under the laws of that state. (Gary Shultis Declaration ¶ 2.)

c.    Defendant also was, at the time of filing of the Complaint, and still is, a citizen of the State of Pennsylvania within the meaning of section 1332(c)(1), because a substantial predominance of its corporate operations takes place in the State of Pennsylvania. (Gary Shultis Declaration ¶ 3.)

d.    The presence of Doe defendants has no bearing on the diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.")

e.    Gerard Daniel & Co, Inc. was merged into Gerard Daniel Worldwide, Inc. in April 2013 and Gerard Daniel & Co., Inc.'s name was legally changed to Gerard Daniel Worldwide, Inc. As such, Gerard Daniel & Co., Inc. has been dissolved and does business under Gerard Daniel Worldwide, Inc. (Gary Shultis Declaration ¶ 4.)  As such, Defendant Gerard Daniel Worldwide, Inc. answered the complaint on behalf of Defendant Gerard Daniel Worldwide, Inc. (also erroneously sued as Defendant Gerard Daniel & Co., Inc.). Accordingly, all named Defendants join in the removal of this action to Federal Court.

8.    This Notice of Removal has been filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint upon which this action is based.  This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

9.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed in this district and Defendant is subject to personal jurisdiction in the Central District of California.

/ / /

### AMOUNT IN CONTROVERSY

10.    Plaintiff's Complaint seeks damages against Defendants of no less than $1,000,000.00, which is in excess of $75,000.00 and the jurisdictional requirements of this Court for the following reasons:

11.    Plaintiff seeks compensatory damages in the amount of no less than $1,000,000.00; (Exhibit "A," Complaint, Prayer for Relief.)

12.    Plaintiff seeks mental and emotional damages; (Id.)

13.    Plaintiff seeks exemplary and punitive damages; (Id.)

14.    Plaintiff seeks prejudgment interest; (Id.)

15.    Plaintiff seeks costs of suit; (Id.)

16.    Plaintiff seeks civil penalties; (Id.) and

17.    Plaintiff seeks attorneys' fees. (Id.)

18.    In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *See e.g., Goldberg v. CPC Int'l, Inc.* 678 F.2d 1365, 1367 (9th Cir.), *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.")

19.    In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, citing, *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may

USDC CASE NO 16-cv-641

appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 843, n.1, citing, *Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3, 89 S.Ct. 1813, 23 L.Ed.2d 396.

20.     The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56. The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. See, e.g., *Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035 (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

21.     Cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. See, *Galt G/S*, supra, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons v. PCR Technology*, 209 F.Supp.2d at 1035.

22.     Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (9th Cir. 1963) 325 F.2d 785, 787; see also *Aucina v. Amoco Oil Co*. (S.D. Iowa 1994) 871 F.Supp. 332. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone could exceed the $75,000 jurisdictional minimum. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.* (7th Cir. 1996) 75 F.3d 311, 315; *Watson v. Blankinship* (10th Cir. 1994) 20 F.3d 383, 386-87.

23.     In *Aucina v. Amoco Oil Co*., the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of

USDC CASE NO 16-cv-641                            5          NOTICE OF REMOVAL OF ACTION TO
                                                             THE UNITED STATES DISTRICT
                                                             COURT FOR THE CENTRAL DISTRICT

punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of San Bernardino to this Court.

DATED: April 8, 2016                    JACKSON LEWIS P.C.


By:   /S/ Sherry L. Sweica
      Sherry L. Swieca
      Jaclyn P. Floryan

Attorneys for Defendant
GERARD DANIEL WORLDWIDE, INC. (also erroneously sued as GERARD DANIEL & CO. INC.)

USDC CASE NO 16-cv-641        6    NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT