# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SALAZAR, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>GERARD DANIEL & CO., INC., a Delaware corporation; GERARD DANIEL WORLDWIDE, INC. and DOES 1 through 20, Inclusive,<br><br>    Defendants. | Case No.: 5:16-cv-00641-R-KK<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW RE CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**[F.R.C.P. Rule 56]**<br><br><br>Complaint filed: March 11. 2016 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Gerard Daniel Worldwide, Inc. ("GDW") respectfully lodges the following [Proposed] Statement of Uncontroverted Facts and Conclusions of Law on the parties' cross-motions for summary judgment (ECF Nos. 73, 74.)

## UNCONTROVERTED MATERIAL FACTS

1. Plaintiff Joshua Salazar entered into an employment contract with Defendant Gerard Daniel Worldwide, Inc. ("GDW").

2. Salazar's contract states in relevant part: "In addition to the Base Salary stipulated above, the Employee [Plaintiff] will be eligible to receive a quarterly incentive payment which will be based on the profitability of the Architectural Products Business Unit. The Employee's Incentive will be equal to 33% of the Architectural Products Business Unit's quarterly operating income. 'Operating Income' will be defined as the Business Unit's sales less its Direct manufacturing costs of goods sold, its Direct operating expenses and an imputed interest charge….The interest charge noted above will be based on the Employer's investment in the Business Unit's working capital and equipment times *the prime interest rate in effect at the end of each quarter*." (Emphasis added.)

3. Plaintiff's employment agreement also contained an integration clause that stated: "This Agreement contains the entire agreement of the parties hereto, and shall not be modified or changed in any respect except by a writing executed by the parties hereto." The parties did not executed any written modifications of the agreement.

4. The parties agree that at all relevant times, the prime interest rate was 3.25%.

5. GDW used the 3.25% rate to calculate Plaintiff's quarterly incentive payment 20 times over the course of Plaintiff's five-year employment.

6. Based on that rate, GDW charged Plaintiff a total of $229,691 in interest between 2011 and 2015.

7. Plaintiff received detailed statements each quarter explaining the calculation of his quarterly bonuses, which included the 3.25% rate.

8. During his five years of employment with GDW, Plaintiff never disputed GDW's using 3.25% as the prime interest rate when calculating his quarterly bonuses.

9. Plaintiff sued GDW for breach of contract. He alleges GDW's using 3.25% as the prime interest rate to calculate his quarterly bonuses was a breach of his employment agreement.

## CONCLUSIONS OF LAW

1. Summary judgment should be granted if the moving party shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty, Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

2. To succeed on a claim for breach of contract, Plaintiff must show, among other things, that GDW breached a contract with him. *Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal. App. 3d 887, 913 (1971).

3. This Court can determine the meaning of a contract on a motion for summary judgment. *See City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal.4th 375, 395 (2008).

4. Whenever the meaning of a contract is called into question, the court first must determine whether the parties intended the writing to be integrated—that is, the final, complete, and exclusive statement of the terms of the agreement. Cal. Code Civ. Proc. § 1856(d).

5. The parol evidence rule generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter, or augment the terms of an integrated written contract. Cal. Civ. Code §§ 1625, 1856; *see also Overland Machined Prods., Inc. v. Swingline, Inc.*, 263 Cal. App. 2d 642, 647 (1968) ("a written agreement is considered to contain all the terms agreed upon by the parties and there can be no extrinsic evidence of the terms other than those in the writing").

6. The at-issue contract contains an integration clause that states: "This Agreement contains the entire agreement of the parties hereto, and shall not be modified or changed in any respect except by a writing executed by the parties hereto." UMF No. 6.

7. Plaintiff's employment contract unambiguously states that the interest charged will be based on "the prime interest rate in effect at the end of each quarter." The parties do not dispute that the prime interest rate in effect during the course of the contract term was 3.25%.

8. The contract does not state that Plaintiff would be charged the quarterly equivalent of the prime rate, and nothing in the contract supports that interpretation.

9. Thus, GDW's use of 3.25% as the prime interest rate when calculating Plaintiff's quarterly incentive payments was not a breach of Plaintiff's employment contract.

10. The opinion of Plaintiff's expert, James Schaefer, is irrelevant to the parties' mutual assent regarding the interest term at the time of the contract formation. It does not create a genuine dispute of material fact as to that issue.

11. The parties' post-formation, pre-dispute conduct confirms GDW's interpretation of Plaintiff's contract is correct. Plaintiff never objected to GDW's use of 3.25% as the applicable prime interest rate when calculating his 20 quarterly incentive payments; thus, he acquiesced to GDW's interpretation of his employment contract. *See Kalmanovitz v. Bitting*, 43 Cal. App. 4th 311, 316 (1996) ("the parties' practical construction of a contract, as shown by their actions, is important evidence of their intent"); *see also Cedars-Sinai Med. Ctr. v. Shewry*, 137 Cal. App. 4th 964, 983 (2006) (courts may look at contracting parties' "conduct subsequent to the formation of a contract . . . to determine the meaning of disputed contractual terms"). This is particularly true when the contract requires repeated performance by the parties. *See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1389 (2004) (citing Restatement (Second) of Contracts § 202(4) ["Where an agreement

involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement."]; *see also Oceanside 84, Ltd. v. Fidelity Fed. Bank*, 56 Cal. App. 4th 1441 (1997)).

12. As a matter of law, GDW did not breach any contract with Plaintiff.

13. GDW is therefore entitled to summary judgment on Plaintiff's breach of contract claim.

14. Plaintiff is not entitled to summary judgment on his breach of contract claim.

**IT IS SO ORDERED.**

Dated: February 19, 2019

_____
HONORABLE MANUEL REAL
UNITED STATES DISTRICT COURT JUDGE